**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHRISTOPHER GOODWIN,** | : | **CIVIL ACTION** |
| | : | **(habeas corpus)** |
| **Petitioner** | : | |
| | : | **NO. 18-5269** |
| **v.** | : | |
| | : | |
| **JOHN E. WETZEL, et al.,** | : | |
| | : | |
| **Respondents** | : | |

**THIRD AMENDMENT AND SUPPLEMENT TO PETITION
FOR WRIT OF HABEAS CORPUS**

Petitioner, Christopher Goodwin, though counsel, submits this Third Amendment and

Supplement to his Petition for Writ of Habeas Corpus. Herein, Mr. Goodwin supplements the

following previously-raised claims:[1]

Claim H:     Trial counsel was ineffective for failing to investigate and present
             available evidence about Detective James Pitts' misconduct, and Mr.
             Goodwin's due process rights were violated.

Claim I:     Relief is warranted due to the prejudicial effects of the cumulative errors
             in this case.

**Newly Discovered Evidence Received from the
Commonwealth on March 14, 2022**

In connection with these habeas proceedings, Mr. Goodwin requested any information in

the Commonwealth's possession about misconduct by Detective James Pitts and/or Detective

Thomas Gaul. Mr. Goodwin previously filed a Second Amendment and Supplement to his

---

[1] Mr. Goodwin's memorandum of law filed in October 2019 (ECF No. 34) addresses Claims A
through I, which were raised in Mr. Goodwin's pro se habeas petition (ECF No. 2) and/or his
counseled amended petition (ECF No. 23). Claims H and I were previously amended and
supplemented in Mr. Goodwin's Second Amendment and Supplement (ECF No. 67).

1

Petition for Writ of Habeas Corpus based on documents the Commonwealth provided to him in response to his request.

On March 14, 2022, the Commonwealth provided Mr. Goodwin with additional documents regarding misconduct by Detective Pitts.  Those documents include the following information:

a. The Commonwealth's November 2021 answer to the post-conviction petition in *Commonwealth v. Derrill Cunningham* detailing why that the petitioner in that case is entitled to relief based on the Commonwealth's suppression of Detective Pitts' misconduct.  3/14/22 Pitts Disclosures at 263-286. The answer in the *Derrill Cunningham* case admits that, in that case, Detective Pitts engaged in "a brazen act of witness intimidation and obstruction in the very courthouse where th[e] trial took place."  The Answer continues that Pitts' act of intimidation "carries great weight" and, consequently, the Commonwealth had no confidence that the jury would have reached the same verdict "if it had known what Detective Pitts did in the [courthouse] lobby."  *Id*. at 283.

b. The Commonwealth's March 2021 corrections to the record in *Commonwealth v. Derrill Cunningham* detailing the Commonwealth's knowledge of Detective Pitts' pattern of misconduct and the District Attorney's Office's policy not to call Detective Pitts as a witness in any unrelated proceeding absent approval from the District Attorney.  3/14/22 Pitts Disclosures at 287-325.  Among other things, in the corrections to the record, the Commonwealth admits that Detective Pitts had fabricated evidence, had he lied to Internal Affairs investigators and was found

multiple times to be not credible by the Philadelphia Police Department Internal

Affairs Division.  *Id*. at 298, 308, 312, 313.

c.   A February 2022 criminal complaint and warrant for the arrest of Detective James

Pitts for two counts of perjury (a third-degree felony) and three counts of obstruction

of justice (a second-degree misdemeanor).  3/14/22 Pitts Disclosures at 326, 353-354.

d.   A February 2022 grand jury presentment and authorization of prosecution of

Detective James Pitts for perjury and obstruction of justice.  3/14/22 Pitts Disclosures

at 327-352.

## Amendment and Supplement to Claims for Relief

**Claim H.**      **The Commonwealth violated *Brady v. Maryland* and its progeny by failing to disclose evidence of Detective James Pitts' misconduct, and trial counsel was ineffective.**

All facts and allegations set forth elsewhere in this Third Amendment and Supplement, as

well as those contained in Mr. Goodwin's pro se habeas petition (ECF No. 2), his counseled

amended petition (ECF No. 23), and his memorandum of law (ECF No. 34), and his Second

Amendment and Supplement (ECF No. 67) are incorporated as if fully set forth herein.

The Commonwealth violated its due process duties under *Brady v. Maryland*, 373 U.S.

83 (1963) and its progeny by failing to disclose to Mr. Goodwin evidence of Detective Pitts'

misconduct in numerous other cases.  To the extent that trial counsel could have obtained this

evidence through investigation, trial counsel was ineffective for failing to investigate this

evidence and present it at Mr. Goodwin's trial.  But for the due process violation and/or trial

counsel's ineffective assistance, there is a reasonable probability that the outcome of Mr.

Goodwin's trial would have been different.

**Claim I.**   **Mr. Goodwin is entitled to relief from his convictions because of the prejudicial effects of the cumulative errors in this case.**

All facts and allegations set forth elsewhere in this Third Amendment and Supplement, as well as those contained in Mr. Goodwin's pro se habeas petition (ECF No. 2), his counseled amended petition (ECF No. 23), and his memorandum of law (ECF No. 34), and his Second Amendment and Supplement (ECF No. 67) are incorporated as if fully set forth herein.

Each of the claims discussed in Mr. Goodwin's habeas petition, as amended and supplemented, is an independent basis for relief from Mr. Goodwin's convictions.  However, should the Court find that Mr. Goodwin is not entitled to relief based on any single claim for failing to show prejudice, he is entitled to relief because the cumulative effect of the errors rendered his trial fundamentally unfair, violating his right to due process.

**B.**   **Timeliness and Exhaustion**

These claims and supplements are timely under 28 U.S.C. § 2244(d)(1)(D), which allows a petitioner to file a habeas petition within one year of "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Mr. Goodwin learned of the facts supporting these claims on March 14, 2022.

These claims, as amended and supplemented based on newly-discovered evidence, have not been presented to the state courts; however, similar claims were presented to the state courts, and exhaustion is an affirmative defense that is subject to waiver.  *See* 28 U.S.C. § 2254(b)(3).

Respectfully submitted,


*/s/ Arianna J. Freeman*
ARIANNA J. FREEMAN
Managing Attorney, Non-Capital Habeas Unit

*/s/ Samuel Angell*
SAMUEL ANGELL
Assistant Federal Defender


Federal Community Defender Office
for the Eastern District of Pennsylvania
601 Walnut Street, Suite 540 West
Philadelphia, PA 19106

DATE:  April 6, 2022

## CERTIFICATE OF SERVICE

I, Arianna J. Freeman, hereby certify that on this date, I caused the foregoing to be filed and served through this Court's CM/ECF system upon filing user Matthew Stiegler, Supervisor, Federal Litigation Unit, Philadelphia District Attorney's Office.

Respectfully submitted,

/s/ *Arianna J. Freeman*
ARIANNA J. FREEMAN

DATE:  April 6, 2022